# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

GERARDO ZAPATA-REYES,

    Petitioner,

v.

TRACY JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:15-cv-74

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Gerardo Zapata-Reyes ("Zapata-Reyes"), who is currently housed at D. Ray James Correctional Facility ("D. Ray James") in Folkston, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss, (doc. 10), to which Zapata-Reyes has replied, (doc. 12). For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Zapata-Reyes' Petition, **CLOSE** this case, and **DENY** Zapata-Reyes *in forma pauperis* status on appeal.

## BACKGROUND

Zapata-Reyes pleaded guilty in the United States District Court for Wyoming to a drug conspiracy, in violation of 21 U.S.C. § 846, a money laundering conspiracy, in violation of 18 U.S.C. § 1956, and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Doc. 10-2, pp. 13–14.) On October 18, 2011, the district court sentenced him to one hundred thirty-five months' imprisonment as to each of the conspiracy convictions, to be served concurrently, and sixty months of consecutive imprisonment as to the firearm conviction. (Id.) On July 30, 2015, the district court reduced Zapata-Reyes' terms of

imprisonment on the conspiracy convictions to concurrent seventy month terms. (Doc. 10-2, p. 3.) The consecutive sixty month term on the firearm conviction remained in place. Id. Thus, Zapata-Reyes is serving an aggregate one hundred-thirty month sentence. Id.

Initially, Zapata-Reyes did not directly appeal his conviction and sentence. However, in October 2012, he filed a motion, pursuant to 28 U.S.C. § 2255, alleging that his trial counsel was ineffective for failing to file a notice of appeal. (Doc. 10-1.) The district court granted Zapata-Reyes' Motion, and permitted him to file a direct appeal. Id. He then appealed to the Tenth Circuit Court of Appeals, which affirmed Zapata-Reyes' conviction and sentence. United States v. Zapata-Reyes, 536 F. App'x 804, 806–09 (10th Cir. 2013).

## DISCUSSION

Zapata-Reyes' claims in this Petition are difficult to decipher. (Doc. 1.) However, he appears to raise two claims. First, he claims that the Bureau of Prisons ("BOP") has wrongly calculated his new sentence in such a way as to require him to serve seven additional months in prison. (Doc. 1, p. 7.) Secondly, Zapata-Reyes argues that his prosecution violated his "due process" rights and the "Bailey" decision. (Doc. 1, pp. 6–7; Doc. 1-1, pp. 2–3.) In support of this second claim, he alleges that he was "given a superseding indictment after [his] arrest," he was "taken to testify under oath to a charge without [his] attorney present," he did not actually use a gun in connection with drug trafficking, and he was promised a lower sentence by his attorney. (Doc. 1, p. 7.)

On November 25, 2015, Respondent filed his Response to Zapata-Reyes' Petition. (Doc. 10.) Respondent states that Zapata-Reyes' Petition is subject to dismissal because Zapata-Reyes failed to exhaust his administrative remedies before he filed this Petition. (Id. at pp. 3–5.)

Additionally, Respondent argues that Zapata-Reyes cannot raise his second set of claims seeking to set aside his conviction and sentence through a Section 2241 Petition. (Id. at pp. 5–7.)

**I.    Whether Zapata-Reyes Exhausted his Administrative Remedies as to his BOP Related Claims**

   **A.    Legal Requirements for Exhaustion**

The Eleventh Circuit has held that a Section 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect. Santiago-Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015); see also Fleming v. Warden of FCI Tallahassee, No. 5–11471, 2015 WL 7280966, at * 1 (11th Cir. Nov. 18, 2015) ("[Section] 2241's exhaustion requirement was judicially imposed, not congressionally mandated, and . . . nothing in the statute itself support[s] the conclusion that the requirement [is] jurisdictional."). Nevertheless, the Eleventh Circuit Court of Appeals has noted "that the exhaustion requirement is still a requirement and that courts cannot 'disregard a failure to exhaust . . . if the respondent properly asserts the defense.'" Id., 2015 WL 7280966, at *1 (citing Santiago-Lugo, 785 F.3d at 475). Failure to exhaust administrative remedies is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaint. Jones v. Bock, 549 U.S. 199, 216 (2007). However, the normal pleading rules still apply, and when an affirmative defense appears on the face of a complaint making it clear that a prisoner cannot state a claim for relief, dismissal is warranted. Id. at 214–15. Thus, when a party admits in his complaint or petition that he has not exhausted the grievance process, dismissal is warranted. See Okpala v. Drew, 248 F. App'x 72 (11th Cir. 2007); Cole v. Ellis, No. 5:10-CV-00316-RS-GRJ, 2010 WL 5564632, at *3 (N.D. Fla. Dec. 28, 2010); Rashid v. Liberty Cty. Jail, CV410-092, 2010 WL 3239241, at *1 n.1 (S.D. Ga. May 3, 2010) ("Nothing in Jones . . . forbids the Court from dismissing a complaint pursuant

3

to § 1997e(a) if it is clear from the face of the complaint that the prisoner has not exhausted all administrative remedies available to him.").

The requirement that the exhaustion of remedies occur "first in an agency setting allows 'the agency [to] develop the necessary factual background upon which decisions should be based' and giv[es] 'the agency a chance to discover and correct its own errors.'" Green v. Sec'y for Dep't of Corr., 212 F. App'x 869, 871 (11th Cir. 2006) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998) (first alteration in original)). Furthermore, requiring exhaustion in the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.[1] In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

---

[1] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

4

Thus, under the law, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the administrative grievance process. Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'") (quoting Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005)); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding that a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

### B. Standard of Review for Exhaustion

"Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Bryant, 530 at 1374 (internal punctuation and citation omitted). Further, a judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. In these instances, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Id. at 1376.

In Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008), the Eleventh Circuit set forth a "two-step process" that lower courts must employ when examining the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, the plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve

the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376–77.

### C. Analysis of Petitioner's Efforts at Exhaustion

Inmates housed at D. Ray James have access to the BOP administrative process. (Doc. 10-2, pp. 4–6, 25–29.) Through this procedure, inmates may file a grievance on issues within the province of the BOP and seek a review of that issue through several steps. Id. Examples of BOP-related issues include classification, designation, sentence computation, and removal or disallowance of good conduct time. Id. Ordinarily, the inmate must begin the grievance process locally by filing a grievance with the Warden of the prison. Id. If unsatisfied with the Warden's response, the inmate may appeal the decision to the BOP's Administrator of Privatization Management Branch. Id. If the inmate has still not obtained the relief he seeks, he may make a final appeal to the BOP's Office of General Counsel. Id.

If an inmate files a BOP administrative remedy at any level (including locally, with the warden, as well as regionally and nationally), the BOP's SENTRY computer database will record that remedy. Pichardo v. Zenk, No. CV511-069, 2011 WL 5102814, at *2 (S.D. Ga. Sept. 27, 2011), *report and recommendation adopted*, No. CV511-069, 2011 WL 5103758 (S.D. Ga. Oct. 26, 2011); (Doc. 10-2, pp. 5–6.) A review of that database reveals that, at the time of Respondent's Motion to Dismiss, Zapata-Reyes had not filed any BOP administrative remedies. (Doc 10-2, pp. 6, 31.) In his Petition, Zapata-Reyes admitted that he has not pursued any

administrative remedies and stated that only the courts may resolve his issues. (Doc. 1, pp. 2–3.) Then, in his response to the Motion to Dismiss, Zapata-Reyes stated that he filed a request with the BOP's Designation and Sentence Computation Center on December 18, 2015, which is more than three months after he filed this 2241 Petition. (Doc. 12, p. 1.)

Under the first Turner step, even accepting Zapata-Reyes' version of the facts, he did not exhaust his administrative remedies before filing this action. Zapata-Reyes' pursuit of administrative remedies after filing this action does not save his Petition from dismissal. Rather, a Section 2241 petitioner must pursue all available administrative remedies **before** coming to the Court for relief. Martin v. Zenk, 244 F. App'x 974 (11th Cir. 2007) (affirming the dismissal of a Section 2241 petition for lack of exhaustion where petitioner did not submit administrative appeal until one month after filing petition).

Thus, the Court should **DISMISS** Zapata-Reyes' claims that the BOP has improperly calculated his sentence due to his failure to exhaust his administrative remedies.[2]

## II.  Whether Zapata-Reyes Can Attack his Conviction and Sentence through Section 2241

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.'" Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis omitted)). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013).

---

[2] Respondent asks that the Court dismiss the entire Petition due to Zapata-Reyes' failure to exhaust. However, Zapata-Reyes' claims attacking his conviction and sentence (as opposed to the BOP's calculation of that sentence) do not pertain to BOP-related matters. Thus, it does not appear that Zapata-Reyes could raise these claims through the BOP's administrative process.

However, a petitioner, such as Zapata-Reyes, who has already brought a petition under Section 2255, must obtain certification from the Court of Appeals before bringing a second or successive Section 2255 petition. 28 U.S.C. § 2255(h).

Rather than seeking permission to file a second 2255 motion from the Tenth Circuit Court of Appeals, Zapata-Reyes filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014). 28 U.S.C. § 2255(e) expressly limits the circumstances under which a Section 2241 petition may be filed. Specifically, Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "savings clause."

In Bryant, the Eleventh Circuit articulated the requirements a petitioner must meet in order to proceed under the savings clause with a Section 2241 petition that raises sentencing claims. 738 F.3d 1253. The petitioner must establish that: (1) binding circuit precedent squarely foreclosed the claim "throughout his sentence, direct appeal, and first § 2255 proceeding"; (2) "subsequent to his first 2255 proceeding," a Supreme Court decision overturned that circuit precedent; (3) the rule announced in that Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule, the petitioner's current sentence exceeds the statutory maximum penalty authorized by Congress; and (5) the savings clause reaches the

petitioner's claim. Bryant, 738 F.3d at 1274 (synthesizing the savings clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011); and Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)); see also Jeanty v. Warden, 757 F.3d 1283, 1285 (11th Cir. 2014); Mackey v. Warden, FCC Coleman, 739 F.3d 657, 661–62 (11th Cir. 2014) (approving the Bryant test factors and concluding that petitioner had satisfied all prongs thereof).

A petitioner must satisfy all five of these requirements to obtain relief. Bryant, 738 F.3d at 1274. This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's Section 2241 claims. Williams, 713 F.3d at 1338. Moreover, "[t]he petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

Zapata-Reyes has not made any effort to satisfy the Bryant factors. He cites no new (much less retroactive) Supreme Court decisions in support of his claims, and he fails to establish that any of his arguments were foreclosed by contrary circuit precedent. In attempting to avail himself of the savings clause, Zapata-Reyes states that he cannot use Section 2255 to "raise any further claims beyond that which was raised [in his] initial 2255 motion." (Doc. 12, p. 2–3.) However, a Section 2255 motion is not "inadequate or ineffective" under the savings clause merely because Zapata-Reyes may be unable to comply with procedural restrictions. Jones v. Warden, FCC Coleman Medium, 520 F. App'x 942, 945 (11th Cir. 2013) (noting the mere fact

9

that a Section 2255 motion is procedurally barred does not make that Section's remedy inadequate or ineffective); see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating a petitioner "has the burden of demonstrating Section 2255's relief" is 'unavailable or ineffective[ ]', and to do so, there must be more than a procedural barrier to bringing a Section 2255 motion. . . . This court has held a § 2255 motion is not 'inadequate or ineffective' merely because '§ 2255 relief has already been denied[ ]'") (internal citations omitted)). Pertinently, the successiveness bar in § 2255(h) does not itself render a Section 2255 motion inadequate or ineffective. Gilbert, 640 F.3d at 1308. Similarly, the fact that Zapata-Reyes claims could be barred by the statute of limitations does not satisfy Section 2255(e)'s savings clause. Jones, 520 F. App'x at 945.

Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015). Zapata-Reyes brought both a Section 2255 motion in the district of his conviction and a direct appeal with the Tenth Circuit. He fails to show why those remedies were inadequate or ineffective to raise the issues he now attempts to assert.

For all of these reasons, Zapata-Reyes has not satisfied the requirements of Section 2255(e)'s savings clause. Consequently, he cannot "open the portal" to argue the merits of his Section 2241claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005). Thus, the Court should **DISMISS** Zapata-Reyes' claims that seek to attack his conviction and sentence.

### III. Leave to Appeal *In Forma Pauperis*

The Court should also deny Zapata-Reyes leave to appeal *in forma pauperis*. Though Zapata-Reyes has, of course, not yet filed a notice of appeal, it would be appropriate to address

these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Zapata-Reyes' Petition and Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 10), **DISMISS** Zapata-Reyes' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Zapata-Reyes leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and

Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Zapata-Reyes and Respondent.

**SO ORDERED**, this 6th day of June, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA